IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>PIRTEK USA LLC,<br><br>Defendant. | Civil Action No. ____________________<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

This is an action under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* (“ADA”), as amended by the Americans With Disabilities Act Amendments Act of 2008 (“ADAAA”), Pub. L. No. 110-325, 122 Stat. 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Michael Rossiello (“Rossiello”), who was adversely affected by such practices. As alleged with greater specificity below, Defendant Pirtek USA LLC (“Pirtek”) regarded Rossiello as disabled and subjected him to discrimination based on disability by terminating his employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Pirtek is a fluid power system company that provides its customers with hydraulic and industrial hose replacements.

5. At all relevant times, Pirtek has continuously done business in Florida, and has continuously had at least 15 employees.

6. At all relevant times, Pirtek has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. § 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

7. At all relevant times, Pirtek has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**CONDITIONS PRECEDENT**

8. More than 30 days prior to the institution of this lawsuit, Rossiello filed a Charge of Discrimination with EEOC alleging that Pirtek violated the ADA.

9. EEOC issued a Letter of Determination on May 22, 2019, finding reasonable cause to believe that the disability discrimination alleged occurred.

10. Prior to initiating this lawsuit, EEOC attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

12. Rossiello was employed by Pirtek as a Warehouse Specialist from on or about January 2, 2006 until Pirtek terminated his employment on or about March 4, 2016.

13. Rossiello was based in Pirtek's hose room at its corporate headquarters located in Rockledge, Florida.

14. Rossiello was responsible for cutting hydraulic hoses and transporting them within Pirtek's warehouse facility.

15. On or about December 26, 2015, Rossiello became seriously ill and was taken to the emergency room.

16. Rossiello was admitted to the hospital where he was diagnosed with pancreatitis, acute respiratory distress syndrome, and pneumonia.

17. Rossiello was on a respirator and in an induced coma for approximately 16 or 17 days.

18. Rossiello remained hospitalized through on or about February 3, 2016.

19. During Rossiello's hospitalization, Pirtek was periodically updated concerning Rossiello's condition.

20. Also, during this time, Rossiello's friend submitted short-term disability paperwork to Pirtek on Rossiello's behalf.

21. At the end of January 2016, Rossiello personally contacted Pirtek and spoke with Dan Perry ("Perry"), his direct supervisor. Rossiello told Perry that he was doing much better, but that he needed rehabilitation due to muscle deterioration from his prolonged hospitalization. Perry told Rossiello to do whatever was necessary to get better.

22. In February 2016, Rossiello received a call from Oak O'Hara ("O'Hara"), Pirtek's Supply Chain Manager, who oversaw all Warehouse staff. Rossiello advised O'Hara that he was feeling better and able to return to work on March 1, 2016.

23. Although Rossiello was cleared to return to work without restrictions as of March 1, 2016, Pirtek regarded him as disabled and did not allow him to return to work.

24. Specifically, O'Hara directed Rossiello to stay out on leave and to exhaust the balance of his paid short-term disability leave.

25. At the time, Rossiello had approximately three weeks of paid short-term disability leave remaining.

26. Based on his conversation with O'Hara, Rossiello expected that he would return to work on March 16, 2016, when his paid short-term disability leave would expire.

27. Thereafter, on March 4, 2016, prior to Rossiello's anticipated return to work date, O'Hara asked Rossiello to come into the office to discuss his benefits.

28. When Rossiello arrived, O'Hara terminated his employment.

29. In connection with the termination of Rossiello's employment, O'Hara advised Rossiello that Pirtek did not believe that Rossiello could do the job that he had been hired to do.

30. Rossiello responded to O'Hara that he could do his job and tried to provide O'Hara with his physician's letter clearing him to return to work without restrictions. O'Hara rejected it.

31. Rossiello further offered that even if O'Hara did not believe Rossiello could perform his job, he could be assigned other tasks. O'Hara rejected Rossiello's proposal and stated that Pirtek was afraid that Rossiello would get injured on the job and receive worker's compensation. He further stated that Rossiello was a "liability."

32. Rossiello has suffered damages as a result of the conduct described herein.

## **STATEMENT OF CLAIMS**

### **COUNT I**

33. Paragraphs 12 through 32, above, are fully incorporated herein.

34. Pirtek engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), as amended by the ADAAA, by subjecting Rossiello to

disability discrimination. Specifically, Pirtek discriminated against Rossiello by terminating his employment because it regarded him as disabled.

35. The effect of the practices complained of in Paragraphs 12 to 32, above, has been to deprive Rossiello of equal employment opportunities because Pirtek regarded him as disabled.

36. The unlawful employment practices complained of in Paragraphs 12 to 32, above, were intentionally done with malice and/or reckless indifference to Rossiello's federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Pirtek, its officers, directors, agents, managers, supervisors, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on disability or perceived disability;

B. Order Pirtek to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including those with a disability or perceived disability, and which eradicate the effects of the unlawful employment practices;

C. Order Pirtek to make Rossiello whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement of Rossiello or front pay in lieu thereof;

D. Order Pirtek to make Rossiello whole, by providing compensation for past and

future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. Order Pirtek to pay Rossiello punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award EEOC its costs of this action.

**JURY TRIAL DEMAND**

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 26, 2019

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M Street, N.E.
Washington, DC 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676

KRISTEN M. FOSLID
Supervisory Trial Attorney
Florida Bar No. 0688681

/s/ Robert L. Adler
ROBERT L. ADLER
Trial Counsel
Florida Bar No. 1004597

Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Phone: (786) 648-5843
Fax: (305) 808-1835
Robert.Adler@eeoc.gov

*Attorneys for Plaintiff*