IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>MICHAEL ROSSIELLO,<br><br>Plaintiff-Intervenor,<br><br>-against-<br><br>PIRTEK USA LLC,<br><br>Defendant. | Case No. 6:19-cv-01853-CEM-GJK |

**CONSENT DECREE**

The Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Pirtek USA LLC ("Pirtek"). EEOC and Pirtek are collectively referred to as the "Parties" throughout this Consent Decree.

**I. INTRODUCTION**

1. EEOC filed this action on September 26, 2019 pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), as amended by the Americans With Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct alleged unlawful employment practices on the basis

of disability and to provide appropriate relief to Charging Party Michael Rossiello ("Rossiello"), who was allegedly adversely affected by such practices. Dkt. No. 1.

2. On February 26, 2020, the Court granted Mr. Rossiello's motion to intervene. Dkt. No. 23.

3. EEOC alleges that Pirtek regarded Mr. Rossiello as disabled and subjected him to discrimination based on disability by terminating his employment. Dkt. No. 1.

4. Pirtek denies these allegations insofar as Pirtek states that Rossiello's employment was terminated for legitimate, non-discriminatory reasons and states that, by entering into this Consent Decree, it admits no wrongdoing or violation of the law.

5. In the interest of resolving this action without further litigation and adjudication, the Parties agree that this action should be fully and finally resolved by the entry of this Consent Decree.

6. No waiver, modification, or amendment of any provision of this Consent Decree will be effective unless made in writing, approved by all parties to this Consent Decree, and approved or ordered by the Court (unless a different procedure is specifically provided for herein with respect to particular provisions).

7. This Consent Decree constitutes the complete understanding between EEOC and Pirtek with respect to the matters herein. No other agreement may supersede or conflict with this Consent Decree and EEOC shall not be a party to any such agreement.

8. If one or more of the provisions contained herein are deemed or rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Consent Decree in order to effectuate its purposes. In any event, the

remaining provisions will remain in full force and effect unless the purposes of the Consent Decree cannot, despite the Parties' best efforts, be achieved.

9. This Consent Decree fully and finally resolves any and all claims asserted in the Complaint filed by EEOC in this action styled *EEOC v. Pirtek USA LLC*, No. 19-cv-01853-GEM-GJK (M.D. Fla.), which arose from EEOC Charge No. 510-2016-04639 filed by Mr. Rossiello.

10. The Parties acknowledge that this Consent Decree does not resolve any charges of discrimination that may be pending with EEOC against Pirtek, or any charge that may be filed in the future, other than the charge listed above. EEOC reserves all rights to proceed regarding matters not covered in this Consent Decree.

11. The terms of this Consent Decree are, and shall be, binding upon Pirtek USA LLC, operating at 300 Gus Hipp Blvd. in Rockledge, Florida, and its present and future representatives, agents, directors, officers, successors, assigns, subsidiaries, and any other corporations or entities into which Pirtek may merge, or with which it may consolidate.

## II. FINDINGS

12. Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties, venue is proper, and all administrative prerequisites have been met.

   b. The Court shall retain jurisdiction to enforce this Consent Decree and its terms for all purposes including, but not limited to, entering of all orders, judgments,

    and decrees as necessary to implement the relief provided herein for the duration of this Consent Decree.

    c. A breach of any term of this Consent Decree by Pirtek shall be deemed a substantive breach of this Consent Decree for which EEOC may bring an enforcement action. No party shall contest the validity of this Consent Decree, or the jurisdiction of the Federal District Court to enforce this Consent Decree and its terms.

    d. The terms of this Consent Decree are adequate, reasonable, equitable, and just.

    e. The rights of the Parties, Charging Party, and the public interest are adequately protected by this Consent Decree.

In consideration of the mutual promises and agreements contained in this Consent Decree, the sufficiency of which is hereby acknowledged, the Parties agree and the Court finds appropriate, and it is therefore **ORDERED, ADJUDGED, and DECREED AS FOLLOWS**:

### III. **DURATION OF THE CONSENT DECREE & RETENTION OF JURISDICTION**

13. All provisions of this Consent Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years, which period commences immediately following entry of the Consent Decree, provided, however, that if, at the end of the three (3) year period, any disputes remain unresolved, the term of the Consent Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all such disputes have been resolved.

14. If the Court finds that Pirtek has violated the terms of this Consent Decree, Pirtek shall bear all costs incurred by EEOC caused by Pirtek's non-compliance with this

Consent Decree, including, but not limited to, any and all costs arising out of EEOC's efforts to enforce this Consent Decree and/or remedy any breach in this Court.

## IV. **MONETARY RELIEF**

15. Pirtek shall pay total, exclusive, and voluntary monetary relief totaling $85,000 to settle the claims asserted by EEOC in its Complaint. Such payments, as detailed below, shall be made to Michael Rossiello. It is acknowledged that this monetary relief agreed to in settlement of damages, as set forth herein, constitutes a debt owed to and collectible by the United States.

16. Within thirty (30) calendar days of the entry of this Consent Decree, Pirtek shall pay monetary relief to Mr. Rossiello in two separate checks as follows:

   a. A check in the amount of $30,000 representing payment for alleged back pay, made payable to "Michael Rossiello, c/o Morgan & Morgan, P.A.;" and

   b. A check in the amount of $55,000 representing payment for alleged compensatory damages to the trust account of Morgan & Morgan, P.A. for the benefit of Michael Rossiello, made payable to "Morgan & Morgan, P.A."

17. Pirtek shall make all applicable withholdings from the amount allocated to back pay in Paragraphs 15 and 16 for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"), and Pirtek will be solely responsible for paying the employer share of any costs, taxes, or Social Security required by law. Pirtek will issue an IRS Form W-2 as to Mr. Rossiello's back pay award, and

will issue withholding statements detailing all legal withholdings made at the time the checks are issued. Pirtek will also issue an IRS Form 1099 for compensatory damages. The checks will be mailed by overnight delivery, or mailed by certified mail (return receipt requested) to Michael Rossiello, c/o Paul Botros, Esq., Morgan & Morgan, P.A., 8151 Peters Road, 4th Floor, Plantation, Florida 33324. IRS forms and withholdings statements will be mailed by certified mail (return receipt requested) to Michael Rossiello, c/o Paul Botros, Esq., Morgan & Morgan, P.A., 8151 Peters Road, 4th Floor, Plantation, Florida 33324. Pirtek will simultaneously forward a copy of the checks, IRS forms, and withholding statements by electronic mail to Robert Weisberg, Kristen Foslid, and Robert Adler, "Re: Pirtek Consent Decree," at robert.adler@eeoc.gov and mdoconsentdecreecompliance@eeoc.gov.

18. If Mr. Rossiello fails to timely receive any of the payments described above, Pirtek shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, in addition to any other remedies available under this Consent Decree.

## V. INJUNCTIVE RELIEF

19. Nothing in this Consent Decree shall be construed to limit or reduce Pirtek's obligation to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, as amended; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-633a, as amended; the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

## ADOPTION AND DISTRIBUTION OF POLICY REGARDING DISABILITY DISCRIMINATION

20. Within thirty (30) calendar days of the entry of this Consent Decree, Pirtek shall create a policy against discrimination based on disability or perceived disability (the "Policy") and shall comply with such Policy. The Policy must clearly define rights and prohibited conduct and specifically prohibit discrimination against employees on the basis of disability or perceived disability. A copy of the Policy will be provided to EEOC for review within forty (40) calendar days of the entry of this Consent Decree.

21. The Policy shall include a formal, written procedure for addressing requests for accommodations received from employees. The procedure must specify the following:

   a. Where necessary to determine the appropriate reasonable accommodation, Pirtek will initiate an informal, interactive process with the employee requesting an accommodation. This process will identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

   b. Pirtek shall respond to all requests for accommodations in writing within fifteen (15) calendar days of the request.

   c. To the extent that Pirtek denies a request for an accommodation, Pirtek will provide a written explanation setting forth all reasons for the denial.

   d. Pirtek shall not terminate the employment of any employee, or treat any employee as having abandoned his or her employment, during the time period that a request for an accommodation is pending.

22. The Policy must identify the following:

7

      a. The individuals (by Name or Title) in the company that are authorized to make determinations on requests for reasonable accommodations and/or requests to return to work after a medical absence.

      b. A Human Resources representative (by Name or Title) that an employee can speak with regarding requests for reasonable accommodations and/or requests to return to work after a medical absence.

23. The Policy must specify the following:

      a. Prohibited behavior will not be tolerated from its employees, customers, agents, contractors, sub-contractors, clients and any other persons present at any of Pirtek's facilities and locations;

      b. Complaints of discrimination based on disability/failure to accommodate may be made to any manager or directly to human resources personnel;

      c. Employees who make such complaints or provide information related to such complaints will be protected against retaliation;

      d. Employees will not be required to complain of disability discrimination/failure to accommodate directly to the individual that is engaged in the discriminatory behavior;

      e. The employer will protect the confidentiality of such complainants to the extent possible and will promptly and thoroughly investigate all complaints;

      f.    The employer will take immediate and appropriate corrective action when it determines that disability-based discrimination or a failure to accommodate has occurred; and

      g.    Employees who violate the Policy are subject to discipline, up to and including discharge.

24.    Within sixty (60) calendar days of the entry of this Consent Decree, Pirtek shall distribute copies of the Policy to each of its owners/members, managers, and employees, by email or hand delivery. A copy of the Policy shall also be included in any relevant Pirtek policy or employee manual or handbook.

## MANAGEMENT AND HUMAN RESOURCES PERSONNEL TRAINING

25.    Pirtek shall provide all management and human resources personnel who reside in the state of Florida with annual, live, in-person training on discrimination based on disability or perceived disability during the term of this Consent Decree. Each training shall last a minimum of two (2) hours. The first training shall take place within one hundred eighty (180) calendar days of the Court's approval of this Consent Decree. The second training session shall take place within twelve (12) months of the first training session. The third training session shall take place within twelve (12) months of the second training. Any Pirtek managers or human resources personnel who are on leave or who otherwise miss the live, in-person training sessions shall complete the training by video, webinar, in person, or through other means within fourteen (14) days of their return to work and provide a certification of completion to Kim Gubera or her designee within seven (7) days of completing the training. Likewise, any Pirtek managers or human resources personnel who reside outside of Florida who cannot attend

9

the live, in-person training sessions may complete the training by video, webinar, or through other means and provide a certification of completion to Kim Gubera or her designee within seven (7) days of completing the training. Pirtek shall retain, at its own expense, a subject matter expert ("SME") on disability discrimination to conduct the training sessions. The SME shall be identified to the EEOC within thirty (30) days of the entry of this Decree, and Pirtek must obtain the EEOC's approval of the SME. The EEOC's approval of the SME will not be unreasonably withheld.

26. Each training shall include the following: (1) an explanation of unlawful discrimination based on disability or perceived disability and the laws protecting employees from it; (2) a discussion of unlawful disability discrimination based on assumptions or stereotypes about disabled individuals; (3) a review of Pirtek's policies and procedures with respect to discrimination based on disability or perceived disability; and (4) a review of Pirtek's policies for reviewing and approving reasonable accommodations.

27. During this training, Pirtek shall provide its management and human resources personnel with a copy of Pirtek's Policy.

28. Pirtek shall notify EEOC at least two (2) weeks before each training of the date(s) and location of the training. Pirtek agrees to provide EEOC with a video and audio recording of each training, the PowerPoint slides, presentation outline, and any and all copies of pamphlets, brochures, or other written materials to be provided to the participants of the training sessions.

COMPLIANCE, MONITORING, AND REPORTING

29. EEOC may review compliance with this Decree at any time during its duration. If at any time during the duration of this Decree EEOC believes that Pirtek is in violation of this Decree, EEOC shall provide notice to Pirtek in accordance with the Dispute Resolution Procedure set forth in Paragraph 36 below.

30. In the event that EEOC believes that there has been a violation of the Decree, and as part of EEOC's review and compliance monitoring, EEOC may conduct interviews of Pirtek employees and request and obtain documents from Pirtek. EEOC will provide Pirtek with at least seven (7) business days' notice of the need to conduct interviews and inspect documents. EEOC further agrees that Pirtek's counsel may be present during interviews of managerial employees.

31. Pirtek will provide EEOC with bi-annual reports for a period of three (3) years following the Effective Date of this Consent Decree. The first reports will be due six (6) months from the date that the Court's execution of this Consent Decree is entered, throughout the duration of this Consent Decree. Pirtek shall provide EEOC with a total of six (6) bi-annual reports, irrespective of when the Consent Decree expires. Each report shall contain:

    a. A description of each complaint of disability discrimination made by any Pirtek employee, the addresses, and telephone numbers of the complaining party and any witnesses identified by the complaining party;

    b. Any and all action taken in response to each complaint, and any written statements obtained or provided by the complaining party and/or witnesses;

  c. A certification that the Notice required to be posted pursuant to Paragraph 33 of this Consent Decree remained posted during the entire period preceding the report; and

  d. A certification that the training required pursuant to Paragraphs 25-28 of this Consent Decree has occurred.

32. Any reports or notices to EEOC required by this Consent Decree shall be sent to the attention of Robert Adler, "Re: Pirtek Consent Decree," at U.S. Equal Employment Opportunity Commission, by electronic mail to robert.adler@eeoc.gov and mdoconsentdecreecompliance@eeoc.gov.

## POSTING OF NOTICE

33. Within thirty (30) calendar days from the Court's execution of this Consent Decree, Pirtek shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as "Exhibit A" to this Consent Decree (the "Notice") at Pirtek's Rockledge, Florida facilities in Florida at conspicuous locations easily accessible to, and commonly frequented by, Pirtek employees (*e.g.*, next to the reception desk, in the lunch room/cafeteria, in locker rooms). The Notice shall remain posted for the entire term of this Consent Decree. Pirtek shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. Within thirty (30) calendar days from the Court's entry of this Consent Decree, Pirtek shall certify to EEOC in writing that the Notice has been properly posted as described herein and provide to EEOC digital photos of the postings.

## NEUTRAL JOB REFERENCE

34. If at any time, either during or after the term of this Consent Decree, Pirtek receives any inquiries regarding the employment of Mr. Rossiello, in lieu of an oral response, Pirtek shall provide a copy of the letter attached as Exhibit B. Pirtek shall provide no negative information whatsoever about Mr. Rossiello and shall not make mention of any charge of discrimination, allegation of discrimination, or this lawsuit, as part of any reference.

## MISCELLANEOUS PROVISIONS

35. Nothing contained in this Consent Decree will be construed to limit any obligation Pirtek may otherwise have to maintain records under Title VII or any other law or regulation.

## DISPUTE RESOLUTION

36. In the event that either party believes that the other party has failed to comply with any provisions of the Consent Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party twenty one (21) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. Unless additional time is warranted due to an unforeseen emergency, if the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty one (21) calendar days, the complaining party may apply to the Court for appropriate relief.

37. The dispute resolution provision is not applicable to the monetary provisions of this Consent Decree, specifically those set forth in Paragraph Nos. 15, 16, 17, and 18 herein.

## NOTIFICATION TO SUCCESSORS

38. Pirtek shall provide, for a period of three (3) years as outlined by this Consent Decree, prior written notice of this lawsuit and a copy of EEOC's Complaint and this Consent Decree to any potential purchasers, successors, assigns, subsidiaries, or any other corporation, entity, or division with which Pirtek may merge or consolidate. All such entities shall be bound by this Consent Decree.

## NO CONDITIONAL RECEIPT

39. Pirtek will not condition the receipt of individual relief on an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) waive his or her right to apply for a position, directly or indirectly, with Pirtek.

**SO ORDERED, ADJUDGED AND DECREED,** this 29th day of January, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

**AGREED TO:**

For Plaintiff U.S. Equal Employment Opportunity Commission:

By: __Robert E. Weisberg__ (Digitally signed by Robert E. Weisberg, Date: 2020.12.30 11:10:46 -05'00')  Date: 12/30/2020

ROBERT E. WEISBERG
Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 786-648-5869
robert.weisberg@eeoc.gov
*Attorney for Plaintiff U.S. EEOC*

For Defendant Pirtek USA LLC:

By: __Kim H. Gubera__   Date: 12/29/2020

Title: __President/CEO__

As to form:

By: __Marilyn S. Moran__   Date: December 29, 2020
Marilyn G. Moran, Esq.
Ford Harrison LLP
300 South Orange Avenue, Suite 1300
Orlando, Florida 32801

15

# EXHIBIT A

## NOTICE REGARDING EMPLOYMENT

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *E.E.O.C. v. Pirtek USA LLC*, No. 6:19-cv-01853-CEM-GJK (M.D. Fla.). In this case, the plaintiff alleged that Pirtek regarded an employee as disabled and subjected that employee to discrimination based on disability by terminating his employment. Pirtek denied these allegations and is committed to complying with all applicable laws as set forth below.

The Americans With Disabilities Act ("ADA") protects individuals from employment discrimination because of disability or perceived disability. Pirtek will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, disability discrimination. It is the policy of Pirtek to treat employees equally, regardless of disability, sex, race, color, religion, national origin, age, or pregnancy status. Pirtek will adhere to its policy of prohibiting intentional discrimination in violation of the provisions of the ADA, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Genetic Information Non-Discrimination Act, and the Equal Pay Act of 1963.

Pirtek also assures its employees that its commitment to following these federal laws includes not taking any action against an employee because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Pirtek will take appropriate corrective action against any employee (including management personnel) found to have violated its policy prohibiting discrimination and retaliation in any form.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Pirtek Consent Decree, c/o Robert Weisberg, Kristen Foslid, and Robert Adler, U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 or robert.weisberg@eeoc.gov, kristen.foslid@eeoc.gov, or robert.adler@eeoc.gov.

Date:_____, 2020

# **EXHIBIT B**

Dear _ _ _ _ _ _

This letter is in reference to your request for information regarding Michael Rossiello, a former employee of Pirtek USA LLC.

Mr. Rossiello served as a Warehouse Specialist for Pirtek USA LLC from January 2, 2006 to March 4, 2016. Company policy does not permit us to provide additional information concerning Mr. Rossiello's employment.

I hope that this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,

*Kim H. Gubera*